H. C. DINKLE *v.* CHAS. B. ANDERSON.

[Kentucky Law Reporter, Vol. 3—243.]

**Innocent Purchaser Protected.**

> Where it is contended that an instrument sued upon was given for corn planters that were worthless, and that the appellant obtained the assignment to himself from the seller with intent to defraud the purchaser, which is denied, the burden is on such purchaser seeking to avoid payment to show that the appellant knew of the fraud at the time he obtained the paper by indorsement, and was therefore a party to it, and where he fails to do so and the evidence shows such appellant to be an innocent purchaser, the purchaser is liable to him on such instrument.

APPEAL FROM MASON CIRCUIT COURT.

September 22, 1881.

OPINION BY JUDGE PRYOR:

If the petition in this case be regarded as defective the answer cures it. It is admitted in the answer that the paper, such as is described in the petition, was transferred by Springer & Co. to the plaintiff, and accepted by him, for the mere purpose of defrauding the appellee; and in the second paragraph it is stated

that the paper sued on was given for certain corn planters that were worthless, and that the appellant obtained the assignment to himself from Springer & 'Co. with a like fraudulent intent.

The acceptance by the appellee does not appear on the paper copied in the record, and we suppose it is a mere omission by the clerk, as its execution is admitted by the appellee in his answer, and the case went to the jury upon instructions asked by the appellee, based upon the fact of his having accepted the paper. The testimony of the appellee also shows that he indorsed the accepted draft in payment for the machines.

The petition, we think, is fully descriptive of the paper, so as to enable the court to know that it is commercial in its character. The proof shows that it was discounted by the appellant; and while the burden was on the appellee to show that the appellant knew of the alleged fraud practiced on him by Spring & Co. at the time he discounted or obtained the paper by indorsement, the appellant voluntarily took the burden, and has shown by his own testimony and that of others that the assignment was made in good faith for its full value. There is no room for doubt from the proof in the record as to his being an innocent purchaser.

The fact that the appellant was an attorney at law and a director in a bank in the town in which Springer lived, will not authorize the assumption that he was a party to the fraud, nor authorize the jury to disregard the direct and positive testimony showing that appellant acted in good faith.

The appellant was entitled to a judgment on the proof, and there was no question for the jury to determine.

Judgment *reversed* and cause remanded with directions to award a new trial.

*Stanton & Larew, for appellant.*

*William Lindsay, for appellee.*